NOTICE

Decision filed 08/04/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250497-U

NO. 5-25-0497

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Piatt County. |
| | ) | |
| v. | ) | No. 99-CF-8 |
| | ) | |
| ANDRE T. HARRIS, | ) | Honorable |
| | ) | Karle E. Koritz, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Barberis and Bollinger concurred in the judgment.

**ORDER**

¶ 1     *Held*:    Where the defendant failed to make a *prima facie* showing of cause that impeded the defendant's ability to raise his present claim during earlier proceedings, the trial court did not err in denying the defendant leave to file a successive postconviction petition. Because no argument to the contrary would have arguable merit, this court grants appellate counsel leave to withdraw and affirms the judgment of the trial court.

¶ 2     The defendant, Andre T. Harris, appeals the judgment of the circuit court of Piatt County that denied his *pro se* motion for leave to file a successive postconviction petition. The defendant's appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks arguable merit, and on that basis, OSAD has filed a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a supporting memorandum of law. OSAD served the defendant with notice. This court provided the defendant

1

the opportunity to file a written response to OSAD's motion. The defendant filed a response. This court has examined OSAD's *Finley* motion and memorandum of law, the defendant's response, and the record on appeal. This court concludes that OSAD is correct that this appeal lacks arguable merit. Accordingly, we grant OSAD leave to withdraw as counsel, and we affirm the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4     The factual basis for the defendant's convictions and sentences is set forth in this court's disposition of the defendant's first direct appeal. *People v. Harris*, No. 4-99-1040 (Mar. 23, 2001) (unpublished order under Illinois Supreme Court Rule 23). Following a trial by jury, the defendant was convicted of four counts of attempt (first degree murder), two counts of aggravated criminal sexual assault, and a single count of obstruction of justice. *Harris*, No. 4-99-1040. In the defendant's first direct appeal, this court affirmed in part, vacated in part, modified in part, and remanded for new sentencing. *Harris*, No. 4-99-1040. Although we found that the evidence was sufficient to support the defendant's convictions, we agreed with the defendant that one count of attempt (first degree murder) must be vacated under the one-act, one-crime doctrine. *Harris*, No. 4-99-1040. We remanded for new sentencing based upon a sentencing error made by the trial court, and we modified the defendant's obstruction of justice sentence from six years to three years, the maximum sentence allowable under the facts of this case. *Harris*, No. 4-99-1040.

¶ 5     On remand, on May 20, 2003, the defendant was resentenced. He filed another direct appeal, but his appointed appellate counsel, OSAD, filed a motion to withdraw, alleging there were no issues of arguable merit that OSAD could raise on appeal. *People v. Harris*, No. 4-03-0502 (May 18, 2005) (unpublished order under Illinois Supreme Court Rule 23). The motion to withdraw was granted, and the trial court's judgment was affirmed. *Harris*, No. 4-03-0502.

2

¶ 6      On January 25, 2010, the defendant filed *pro se* a petition for relief from judgment. Counsel was appointed to represent the defendant, and an amended petition for relief from judgment was filed on June 3, 2013. Therein, the defendant alleged that his two convictions for aggravated criminal sexual assault were "predicated on the same act of sexual penetration," and thus the convictions violated the one-act, one-crime rule. The petition alleged the defendant received ineffective assistance of appellate counsel because appellate counsel failed to raise the claim in the defendant's earlier appeals. The petition asked the trial court to vacate one of the defendant's convictions for aggravated criminal sexual assault.

¶ 7      At a hearing held on August 22, 2013—at which the defendant was personally present— the trial court noted that although the amended petition was styled as a petition for relief from judgment, the first paragraph of the amended petition sought relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)), and that accordingly the trial court would "consider[ ] it a post[ ]conviction proceeding." Neither party commented on the trial court's statement. In argument, the defendant's counsel pointed out that the defendant was sentenced to eight years on one of the convictions for aggravated criminal sexual assault, and seven years on the other conviction. He argued that his understanding of the relevant case law was that in such circumstances, "the least culpable case" should be vacated. He argued that therefore the defendant's conviction that resulted in a seven-year sentence should be vacated. The State conceded the one-act, one-crime rule violation, discussing in detail the cases that supported the defendant's position on that issue. The trial court accepted the State's concession, vacated the conviction that resulted in a seven-year sentence, and modified the defendant's sentence to reduce it by seven years. The trial court stated that an amended mittimus was to be prepared.

¶ 8    On August 29, 2013, the defendant filed *pro se* a notice of appeal. However, in an order dated January 29, 2015, this court granted the defendant's motion to dismiss the appeal.

¶ 9    On August 30, 2021, the defendant filed *pro se* what he styled as a petition for postconviction relief pursuant to the Act. Therein, he alleged various constitutional violations at his trial, as well as ineffective assistance of trial counsel and appellate counsel. On November 12, 2021, the trial court entered an order appointing counsel for the defendant and advancing the petition to the second stage of proceedings. As OSAD notes in this appeal, the trial court did not treat the petition as a successive postconviction petition, and did not hold the defendant to the requirements for the filing of a successive postconviction petition.

¶ 10    On March 14, 2022, counsel appointed to represent the defendant filed an amended postconviction petition, wherein counsel raised claims of ineffective assistance of trial counsel, "inflammatory and improper statements" by the State during closing arguments, and error by the trial court in denying the defendant's motion *in limine* to exclude evidence of the defendant's prior conviction for criminal sexual assault. On March 21, 2022, the State filed a motion to dismiss the defendant's amended postconviction petition, wherein the State claimed the defendant's filing was untimely pursuant to the plain language of the Act. Following a hearing held on June 27, 2022, the trial court agreed with the State and dismissed the defendant's amended petition.

¶ 11    On July 12, 2022, the defendant filed *pro se* a notice of appeal. However, the defendant's appointed appellate counsel, OSAD, filed a motion to withdraw, alleging there were no issues of arguable merit that OSAD could raise on appeal. *People v. Harris*, 2023 IL App (5th) 220470-U, ¶ 2. The motion to withdraw was granted, and the trial court's judgment was affirmed. *Harris*, 2023 IL App (5th) 220470-U, ¶ 37. This court specifically stated that despite the fact that the trial court treated the petition as an initial postconviction petition, it was in fact a successive

4

postconviction petition. *Harris*, 2023 IL App (5th) 220470-U, ¶¶ 34-35. We ruled that the defendant did not even attempt to meet the cause-and-prejudice test required for the filing of a successive postconviction petition, and we affirmed the trial court's judgment on that basis. *Harris*, 2023 IL App (5th) 220470-U, ¶¶ 35, 37.

¶ 12 On December 30, 2024, the defendant filed *pro se* the motion for leave to file a successive postconviction petition (motion) that is the subject of this appeal. In the motion, the defendant raised the following two issues: (1) whether the trial court, at the August 22, 2013, hearing on the defendant's initial postconviction petition, committed "plain error when it failed to make an independent determination as to which [conviction for aggravated criminal sexual assault] should be vacated" due to the violation of the one-act, one-crime rule; and (2) whether postconviction counsel rendered unreasonable assistance of counsel where "he failed to present the correct legal argument *** [and] comprehend the law as to the one-act, one-crime doctrine." The defendant argued that the trial "court had an independent duty to determine which conviction should be vacated," and that "when it failed to do so the [defendant] was denied due process [and] equal protection of the law." As relief, the defendant requested that his sentence be reduced by an additional year, presumably because that would be the equivalent of vacating the aggravated criminal sexual assault conviction that resulted in an eight-year sentence, rather than the one that resulted in a seven-year sentence.

¶ 13 In an affidavit the defendant filed with the motion, the defendant averred that an attorney from OSAD visited him in prison in January of 2015 to discuss his appeal from the trial court's August 22, 2013, judgment. He further averred that the attorney told him that she planned to file a *Finley* motion in the appeal, and that she convinced him to voluntarily dismiss his appeal by telling him that if he pursued the appeal, he "could receive a natural life sentence." He averred that if he

5

had "known that the [trial] court vacated the wrong conviction," he would have contested any *Finley* motion filed by OSAD and attempted to continue the appeal on his own. He averred that "[r]ecently," while pursuing an appeal from the denial of his first successive postconviction petition, he was able for the first time "to read excerpts from the [August 22, 2013,] hearing," whereby he "discovered that postconviction counsel and the [State] made the decision which conviction should be vacated."

¶ 14    On May 13, 2025, the trial court entered an order in which it denied the motion. This timely appeal followed.

¶ 15                                                    II. ANALYSIS

¶ 16    In the legal memorandum that accompanies its *Finley* motion to withdraw, OSAD notes the following potential issue: whether the trial court erred by denying the motion. However, OSAD concludes the trial court did not err, and that, accordingly, this potential issue lacks arguable merit. For the following reasons, we agree.

¶ 17    The Act provides a mechanism by which a criminal defendant may challenge the defendant's conviction by filing a petition for relief in the circuit court. 725 ILCS 5/122-1 (West 2022). The Act allows a defendant to assert that there was a substantial denial of the defendant's federal or state constitutional rights in the proceedings that resulted in the defendant's conviction or sentence. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). "A postconviction proceeding is a collateral proceeding, rather than an appeal of the underlying judgment, and therefore it allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal." *People v. Terry*, 2016 IL App (1st) 140555, ¶ 32. Moreover, "any claim not presented in an initial postconviction petition or amended petition is waived." *Terry*, 2016 IL App (1st) 140555, ¶ 32. Broad, conclusory allegations are not permissible under the Act. *People v. Delton*, 227 Ill. 2d 247,

6

258 (2008). In addition, a petition filed under the Act must have attached affidavits, records, or other evidence supporting its allegations, or must state why they are not attached. 725 ILCS 5/122-2 (West 2022).

¶ 18    The Act contemplates the filing of only one postconviction petition. 725 ILCS 5/122-1(f) (West 2022). "[S]uccessive postconviction petitions are highly disfavored." *People v. Bailey*, 2017 IL 121450, ¶ 39. If a defendant desires to file a successive postconviction petition after the defendant's initial petition is dismissed or denied, the defendant must request leave of court before filing it. 725 ILCS 5/122-1(f) (West 2022). Unless a defendant asserts a claim of actual innocence, the circuit court will grant the defendant leave only if the defendant satisfies the cause-and-prejudice test. 725 ILCS 5/122-1(f) (West 2022); *People v. Montanez*, 2023 IL 128740, ¶ 77. To establish "cause" under the cause-and-prejudice test, a defendant must identify an objective factor, external to the defense, that impeded the defendant's ability to raise a specific claim during the defendant's initial postconviction proceeding. 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77. To establish "prejudice," a defendant must demonstrate that the claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process. 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77.

¶ 19    The cause-and-prejudice test is a more exacting standard than the gist-of-a-claim standard trial courts use to review initial postconviction petitions at the first stage of proceedings. *People v. Conick*, 232 Ill. 2d 132, 142 (2008). The defendant must make a *prima facie* showing of cause and prejudice in order to be granted leave, before any further proceedings on the defendant's claims can occur. *Bailey*, 2017 IL 121450, ¶ 24. A defendant cannot obtain leave of court unless the defendant satisfies each of the two elements of cause and prejudice; it is not sufficient to establish only one element. *People v. Guerrero*, 2012 IL 112020, ¶ 15. Leave should be denied when it is

clear, from a review of the successive petition and the documentation submitted by the defendant, that the claims alleged by the defendant fail as a matter of law, or where the successive petition, with its supporting documentation, is insufficient to justify further proceedings. *People v. Griffin*, 2024 IL App (1st) 191101-C, ¶ 30. This court reviews *de novo* the circuit court's decision—based upon the failure of the defendant to make a *prima facie* showing of cause and prejudice—to deny the defendant's motion for leave to file a successive postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 39. We may affirm on any basis supported by the record because the question before us is the correctness of the result reached by the trial court, not the correctness of the trial court's reasoning in reaching that result. See, *e.g.*, *People v. Johnson*, 208 Ill. 2d 118, 128-29 (2003).

¶ 20    Here, as OSAD correctly notes, the motion did not adequately allege any facts that would constitute cause for the defendant's failure to bring his current claims in earlier proceedings. In the defendant's affidavit that accompanied the motion, he alleged that "[r]ecently," while pursuing an appeal from the denial of his first successive postconviction petition, he was able for the first time "to read excerpts from the [August 22, 2013,] hearing," whereby he "discovered that postconviction counsel and the [State] made the decision which conviction should be vacated." In other words, the defendant alleged that he learned only recently of the alleged errors of the trial court, and of his counsel, at the August 22, 2013, hearing. This allegation is positively rebutted by the record, which shows—clearly and unequivocally—that the defendant was personally present at the August 22, 2013, hearing, and thus would have been aware of what transpired in his presence at that hearing. Indeed, in the "Procedural History" section of the motion, the defendant expressly stated that the defendant was present at the hearing, and nowhere in the motion or the affidavit did the defendant allege that although he was present, he was for some reason unable to understand

8

the proceedings that took place in his presence. Thus, the defendant failed to identify any objective factor, external to the defense, that impeded his ability to raise his current claims in his appeal from the trial court's August 22, 2013, judgment, or in his first successive postconviction petition. Accordingly, he did not make a *prima facie* showing of cause for purposes of satisfying the cause-and-prejudice test required for the filing of a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2022); *Montanez*, 2023 IL 128740, ¶ 77; *Bailey*, 2017 IL 121450, ¶ 24.

¶ 21                                   III. CONCLUSION

¶ 22    For the foregoing reasons, the trial court did not err in denying the defendant's *pro se* motion for leave to file a successive postconviction petition. No argument to the contrary would have arguable merit. Accordingly, we grant OSAD leave to withdraw as counsel, and we affirm the trial court's judgment.


¶ 23    Motion granted; judgment affirmed.